UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JAMES CALVIN MARYLAND, SR.**

**VERSUS**

**SEC. CINDY HOOGE, MR. CLYDE WILLIAMS,
NURSE PARTICIA ELKINS, JIM SCOTT AND
JACKSON TRUCK AND TRAILER REPAIR
OF BATON ROUGE, INC.**

**CIVIL ACTION**

**NO. 15-465-JWD-EWD**

## ORDER TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA

Plaintiff, James Calvin Maryland, Sr. will be deposed at Elayn Hunt Correctional Center, St. Gabriel, Louisiana on November 30, 2016 at 9:00 a.m.[1]  On October 14, 2016, a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") was issued at the request of counsel for defendants, Cindy Hooge, Clyde Williams, and Patricia Elkins.  The Subpoena was issued to Elayn Hunt Correctional Center ("Elayn Hunt") and requests the following documents:

> Any and all criminal records in your possession, information regarding any claim for or payment of compensation and/or disability benefits, any and all medical records, reports, notes, etc. on:

JAMES CALVIN MARYLAND, SR.

On November 3, 2016, this court received copies of: (1) the institutional record; and (2) the medical record maintained on James Maryland, DOC # 184094, by Elayn Hunt (collectively, the "Records").  By cover letter dated October 28, 2016, the Deputy Warden for Operations at Elayn Hunt asserts that "[u]nder LSA-R.S. 15:574.12, the Department is unable to release the enclosed requested information until it has been reviewed <u>in camera</u> to determine its relevancy."

---

[1] R. Doc. 39.

1

On November 4, 2016, this court ordered Plaintiff, James Calvin Maryland, Sr. ("Plaintiff") to file a notice into the record stating whether Plaintiff consented to the release of the Records to defendants, Cindy Hooge, Clyde Williams, and Patricia Elkins.[2]  Thereafter, Plaintiff advised that he consents to the release of all medical records and all institutional records from Elayn Hunt Correctional Center sought by the Subpoena.[3]

"Louisiana law provides that all information and data gathered or obtained by prison officials in the discharge of their official duties is confidential."  *Davis v. Granger*, 2013 WL 5740450, at * 3 (W.D. La. Oct. 21, 2013).  Pursuant to La. R.S. § 15:574.12(F), if such records are subpoenaed, the records must be submitted to the appropriate court for *in camera* review.  The court must determine whether the information should be turned over to the party who caused the subpoena to be issued and must order the information withheld if: (1) the court finds the information is irrelevant; (2) the information "was derived from communications which were obviously made in confidence that they would not be disclosed;" or (3) "confidentiality is essential to future useful relations between the source and the recorder of the information."  La. R.S. § 15:574.12(F).  "Should the court authorize disclosure of the records in accordance with the subpoena, the party who caused the subpoena to be issued shall pay a fee for the cost of production of the records….unless the court determines that the party has been granted pauper status in accordance with law."  *Id*.

As explained by this court, La. R.S. § 15:574.12(F) "is concerned only with the confidentiality of inmate records and the dissemination of such records to the public.  It does not require that a court inspect inmate records prior to release when the inmates consent."  *The Advocacy Center v. Stalder*, 128 F.Supp.2d 358, 366 (M.D. La. 1999).  Here, Plaintiff has filed a

---

[2] R. Doc. 40.
[3] R. Doc. 43.  *See also*, R. Doc. 41.

2

notice into the record stating that he consents to the release of Records pursuant to the Subpoena.[4] Moreover, Plaintiff's Complaint for Damages alleges he suffered injuries for which he was denied medical treatment while an inmate with the Department of Corrections.[5] Accordingly, Plaintiff's own institutional and medical record likely contain relevant information. Finally, Elayn Hunt has not asserted that any specific documents contained in the Records should be withheld based on La. R.S. §15:574.12(F)(1)(b) or (c) (stating court should withhold information "derived from communications which were obviously made in the confidence that they would not be disclosed" and information for which "confidentiality is essential to future useful relations between the source and the recorder of the information.").

Accordingly,

**IT IS ORDERED** that the Records shall be returned by the court to Elayn Hunt Correctional Center with a copy of this Order.

**IT IS FURTHER ORDERED** that Elayn Hunt Correctional Center shall release the Records requested pursuant to the Subpoena to counsel for the requesting defendants, Cindy Hooge, Clyde Williams, and Patricia Elkins within seven (7) days of Elayn Hunt's receipt of the Records from the court.

Signed in Baton Rouge, Louisiana, on November 7, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] R. Doc. 43.
[5] *See*, R. Doc. 1.

3